## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES LOCAL 2018, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES COUNCIL OF PRISON LOCALS 33** : : : : : : | |
| **Plaintiffs,** : | |
| **v.** : : | |
| **KIRAN AHUJA IN HER OFFICIAL CAPACITY AS DIRECTOR OF THE UNITED STATES OFFICE OF PERSONNEL MANAGEMENT; MERRICK GARLAND IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL; LLOYD AUSTIN IN HIS OFFCIAL CAPACITY AS SECRETARY OF DEFENSE; JOSEPH R. BIDEN IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES OF AMERICA** : : : : : : : : : : | **CASE NO. 2:21-cv-05172** |
| **Defendants.** : : | |

## **COMPLAINT**

The Plaintiffs, by their counsel van der Veen, Hartshorn, and Levin, through Bruce L. Castor, Jr.  are seeking damages against State actors for committing acts, under color of law, which deprived Plaintiffs of rights secured by the First and Fourteenth Amendments to the United States Constitution, the laws of the United States, and the Civil Services Reform Act of 1978; arising out of Defendants' engaging in constitutional violations that stemming out of the COVID-19 Mandate issued Office of Personnel Management following an executive order from Joseph R. Biden, President of the United States.

This civil action results from the Defendants' flagrant disregard for the constitutional and labor rights of American citizens as Defendants attempt to compel vaccinations of Plaintiffs' members against the members' will. This OPM mandate presents an unprecedented assertion of federal authority in an attempt to coerce over 80 million Americans to unwillingly inject the COVID-19 vaccine into their bodies on pain of losing their jobs.  To be clear, Defendants seek by coercion workers ingest into their bodies a foreign substance by needles stabbed through their skin on multiple occasions on pain of depriving these workers of their livelihood creating financial insecurity to countless American families.  No matter what the justification, Plaintiffs contend a more egregious invasion of the sanctity of the personal freedoms of American citizens by their government is unimaginable. The actions taken by OPM threatening the livelihoods and financial security of the Plaintiffs' members is done with a flagrant disregard for the constitutional and labor rights of American citizens. Through the actions of Defendants' and other non-party individuals and entities, vaccines have been politicized to a point where receiving or declining a vaccine has become a political act in the eyes of the public and being compelled into discussing one's vaccine status is tantamount to compelling that person to engage in political speech against that individual's will.

By forcing its employees to disclose their vaccine status, OSHA grants employers and federal contractors the authority to compel political speech in violation of the First Amendment to the United States Constitution. By requiring workers across America to disclose their vaccination status, Defendants Kiran Ahuja and Joseph R. Biden are forcing them to engage in un-sought-out, and individually undesirable, political speech in violation of the First Amendment.

Additionally, the OPM mandate disregards the rights of unionized employees as outlined and protected in the Civil Service Reform Act in which all changes to terms and conditions of employees must be bargained in good faith. OPM ignored the duty Plaintiffs have to their members to bargain in good faith about safety practices, since a unilateral change in terms and conditions without bargaining is a blatant *prima facie* indication of bad faith. In addition, retaliation against complaints or concerns about safety is prohibited by law, yet the OPM mandate has invited employers to terminate employees without the option of weekly testing and masks. In sum, Plaintiffs ask this Court to review the OPM mandate because it violates the First Amendment of the Constitution of the United States, the Civil Service Reform Act of 1978 and the unalienable natural rights of freedom of expression and religion of Plaintiffs members.

## JURISDICTION

1.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

2.   This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure.

3.   This Court is authorized to grant Plaintiffs' prayer for temporary, preliminary, and permanent injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

## PARTIES

4.   Plaintiffs are the American Federation of Government Employees Local 2018 and the Council of Prison Locals 33 (hereinafter referred to as "Plaintiffs").

5.   Defendant Kiran Ahuja (hereinafter referred to as "Ahuja"), is the Director of the United States Office of Personnel Management (OPM).

6.   Defendant President Joseph R. Biden (hereinafter referred to as "President Biden") is the President of the United States.

7.   Defendant Merrick Garland (hereinafter referred to as "Garland") is the United States Attorney General.

8.   Defendant Lloyd Austin (hereinafter referred to as "Austin") is the United States Secretary of Defense.

9.   Plaintiffs are government employees and union members who have chosen, for various reasons, to refuse vaccination, or have refused to disclose their COVID-19 vaccination status to others, and OPM seeks to coerce Plaintiffs to engage in political speech in compelling such disclosure by threat to their livelihoods, and to the well-being and fiscal security of persons dependent on Plaintiffs' jobs for their literal survival.

10. Members of Plaintiffs have sincere, bona fide beliefs in opposition to the vaccine which are religious, quasi-religious, or personal in nature, including privacy rights of individual American citizens to decide for themselves how their own bodies are to be treated by government actors.

11. All Plaintiffs are employed by the federal government and are covered by Title VII of the Civil Rights Act, which mandates the reasonable accommodation of sincere religious beliefs.

12. Plaintiffs are due bargaining in good faith with their employers due to their union membership, which cannot be obviated by an unprecedented and misplaced assertion of federal authority.

## STATEMENT OF FACTS

13. On September 9, 2021, President Biden issued Executive Order 14043 (EO 14043) requiring vaccination against COVID-19 for all federal employees.

14. Subsequently, on October 5th, 2021, OPM issued a set of guidelines designed to enforce EO 14043.

15. The OPM guidelines require federal agencies (including those led by Garland and Austin) to require employees be vaccinated before November 22, 2021.

16. As federal employees, Plaintiffs have faced a campaign of harassment, embarrassment, and shaming due to their vaccination status. Despite union membership and protections, these workers were never given the opportunity to negotiate these newly mandated practices in good faith, and many have faced punishments through termination of contracts or employment.

17. Such disciplinary action is arbitrary, is not easily appealed, and is not narrowly tailored to fulfilling the goals of ending the COVID-19 pandemic.

18. Defendants chose the most invasive and dangerous action to address the pandemic instead of, for example, the far less invasive requirement of masking with periodic testing, *out of which workers could choose to opt if they were vaccinated.*

## COUNT I
## COMPULSION OF POLITICAL SPEECH

19. Plaintiffs incorporate by reference the preceding paragraphs as though the same were set forth at length herein.

20. The First Amendment to the U.S. Constitution enshrines the right to free speech for all American citizens.

21. The U.S. Supreme Court has long held that the right to free speech protects against state actors compelling others to express speech, or act in a manner that is fundamentally political in nature.

22. The determination of whether an act or a statement is "political" in nature is dependent on how society at large views such act or statement.

23. Because of such dependence, what a society defines as "political" changes as collective mores and sensitivities shift. Therefore, the list of acts and statements society considers "political" is not cast in stone, but ever-changing during the life of the Republic.

24. It is entirely possible, for example, that a previously considered "political act" or "political statement," over time, can lose that political meaning.  Conversely, it is possible for a previously apolitical act or statement to become controversial enough, and partisan enough, to acquire a previously unconsidered political meaning.

25. Disclosing one's status as not vaccinated against the COVID-19 has become politicized in such a way that the expressing of one's opposition has acquired a political meaning: bringing public derision down upon the individual or, in fewer instances, garnering public acclaim for the individual, depending on the political beliefs of the public toward coerced governmental action against its citizens.

26. The keenly political nature of the COVID-19 vaccine can be proven objectively by showing the correlation between COVID-19 vaccine hesitancy and political party affiliation, and subjectively by showing published and reported political commentary acknowledging the partisan nature of the act of vaccination and attitude toward forced vaccination.

27. Because of the act itself has become politically so intensely toxic in nature, refusing to disclose one's COVID-19 vaccination status carries the weight and social effect of partisan

political speech especially because refusing to take the vaccine creates a political social stigma against the declarant. American citizens should not be compelled to make such statements with such effect, and this Honorable Court ought to treat politically charged speech as constitutionally protected speech that government actors may not compel.

28. Defendants violated the First Amendment of the United States Constitution when they compelled Plaintiffs' members to engage in the fundamentally political act of showing proof of COVID-19 vaccination as a pre-requisite for further employment or requiring Plaintiff to disclose a member's unvaccinated status, having the inevitable effect to publicly stigmatize such members by equating such a position with political "rightwing extremists," or worse.

29.  If the member's objection is religious or due to medical risk or invasion of privacy, the mandate seeks to require Plaintiff members to make political statements against their will, and potentially against their moral beliefs, their right to privacy in their bodies, and their physical well-being, thereby subjecting them to public ridicule and contempt simply for invoking one or more of the constitutional rights all Americans are, supposedly, permitted to enjoy without government interference, governmental backlash or risk of financial ruin at the hands of the very government whose powers the Constitution seeks to limit.

30. By advancing plans and encouraging federal agencies to require employees to disclose their COVID-19 vaccination status, Defendants conspired with one another to violate the First Amendment rights of Plaintiffs' members.

### COUNT II
### VIOLATION OF THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

31. Plaintiff incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

32. The Free Exercise Clause of the First Amendment to the United States Constitution prohibits the State from abridging Plaintiffs' members right to the free exercise of religion.

33. President Biden and OPM have a constitutional duty to grant reasonable religious exemptions to all federal employees who hold an honest, deeply held belief in opposition to COVID-19 vaccinations.

34. Various federal agencies had policies and procedures in place to review religious exemptions for other matters, including vaccines, but many agencies, as instructed by OPM have chosen instead to require new and far more restrictive applications for the COVID-19 vaccine relative to other vaccines, further demonstrating that President Biden and OPM are willing participants in the state's over-reaching infringement of the constitutional rights of its citizens.

35. Various federal agencies have made multiple formal statements to employees demonstrating that the COVID-19 "new" system for approving or denying religious exemptions to vaccination is arbitrary and could result in employees who previously held a religious exemption relative to other vaccines to be denied in the instance of the COVID-19 vaccine.

36. Federal agencies arbitrarily denied religious exemption applications from Plaintiffs' members, despite the fact that the members applying held longstanding, deeply felt and held religious beliefs in opposition to vaccination for COVID-19.

37. Defendants allowed and encouraged federal agencies to decide whether or not an employee holds a bona fide, deeply held religious belief in opposition to the COVID-19 vaccine, despite said agencies being unqualified by any objective measure to make such a determination. This assertion of power oversteps the authority of unions engaged in collective bargaining working within federal organizations.

38. Defendants thus violated the religious freedoms of Plaintiffs' members guaranteed to them by the free exercise of religion clause of the First Amendment.

39. By encouraging federal agencies to require vaccination without allowing for any religious exemption, Defendants conspired to violate the First Amendment rights of Plaintiff's members.

**COUNT III**
**VIOLATION OF THE RIGHTS TO PRIVACY AND BODY AUTONOMY FOUND IN THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

40. Plaintiff incorporates by reference the preceding paragraphs as though the same were set forth at length herein.

41. The United States Supreme Court has long recognized a right to privacy and body autonomy written into the Fourteenth Amendment to the U.S. Constitution.

42. As state actors, the Defendants are limited by each constitutional right under the U.S. Constitution as interpreted by the United States Supreme Court, and thus hold a constitutional duty to not violate Plaintiffs' members' rights to privacy and body autonomy.

43. By compelling federal agencies to require vaccinations for employees under the threat of terminated contracts or financial penalties, President Biden violated the Fourteenth Amendment rights of Plaintiff's members.

44. By planning to compel employees to vaccinate under the threat of dismissal, OPM has conspired and continues to conspire to violate the Fourteenth Amendment rights of Plaintiffs' members to be free from unreasonable governmental intrusion into their bodies, and governmental interference into how each individual chooses to treat their own body.

**COUNT IV**
**UNFAIR LABOR PRACTICES**

45. Plaintiffs incorporate by reference the preceding paragraphs as though the same were set forth at length herein.

46. The Civil Service Reform Act explicitly considers "refusing to consult or negotiate with a labor organization" to be an "unfair labor practice." 5 U.S.C. 7116(a)(5).

47. By ordering and encouraging federal agencies to unilaterally change the conditions of employment of union members without consulting or bargaining with labor organizations, Defendants have violated the Civil Service Reform Act.

48. Defendants arbitrary and discriminatory behavior in flagrant violation of U.S. Labor law has caused immediate and great psychological and monetary harm to members of Plaintiffs requiring the power of this Honorable Court to swiftly remedy.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in their favor and against Defendants and award Plaintiff the following relief:

a. An Order enjoining OPM and President Biden from enforcing EO 14403.

b. Award members of Plaintiff compensatory damages for their losses caused by Defendants' activities.

c. Award Plaintiffs their costs and counsel fees; and

d. Award any additional and further relief the Court deems appropriate.

**VAN DER VEEN, HARTSHORN & LEVIN**

DATE: 11/23/2021

BY:   /s/ Bruce L. Castor Jr.
Bruce L. Castor, Jr.
Michael T. van der Veen
Attorneys for Plaintiffs